## GUARDIAN TRUST CO. v. STICKLE.
### No. 6133.

Circuit Court of Appeals, Sixth Circuit.

Feb. 17, 1933.

F. K. Pickering, of Cleveland, Ohio, for appellant.

E. E. Stearns, of Cleveland, Ohio, for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

On October 7, 1930, the Alliance First National Bank placed an order with the Cleve-land office of Prince & Whitely, stockbrokers, to sell 20 shares of Congoleum-Nairn, Inc., common stock, and 25 shares of Borden Company capital stock, at designated prices. The order was executed the same day, and settlement was made by the brokers on October 8th by the delivery of an equal number of like shares of their own and receipt of the purchase price. The bank was advised promptly of the execution of the order, and thereupon drew a sight draft upon Prince & Whitely for the avails of the sale, attached certificates representing the shares sold, and forwarded the draft to the appellant for collection and deposit.

Upon presentation of the draft, appellant received a check drawn to its order upon the Equitable Trust Company of New York, and delivered the attached certificates. This was between 9:30 and 10 a. m. on October 9, 1930. Later, on the same day, an involuntary petition in bankruptcy was filed against Prince & Whitely. There were sufficient funds in the Equitable Trust Company to pay the check when it was delivered, but the filing of the bankruptcy petition necessarily resulted in payment being refused when the check was cleared in the due course of business. The appellant thereupon filed a petition for reclamation of the stock, which petition was denied. The present appeal followed.

We are of the opinion that the order of the District Court should be affirmed. Compare In re A. O. Brown & Co., 189 F. 432 (D. C. N. Y.). The facts of the case at bar do not disclose a sale "for cash." Upon execution of the bank's order, the bank became obligated to deliver certificates for shares of stock to the amounts and of the kinds sold. It was in the performance of this obligation that the Alliance First National Bank forwarded the certificates in question, adopting a common business expedient or means for making such delivery and collecting the proceeds of the sale, the latter to be deposited in its banking account with appellant. Whether appellant exceeded its authority as agent in delivering the certificates, except upon the receipt of cash, we need not determine. The receipt of a check was in a true sense the extension of credit to Prince & Whitely by appellant, upon its own responsibility, and could give rise to no equities, attaching to the stock, in the absence of that which, in fact or in law, amounted to fraud ab initio. No such facts exist in the present case.

Affirmed.